IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD LEE SIMON | § | |
| (TDCJ No. 1587145), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-2930-D-BN |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Howard Lee Simon, a Texas prisoner proceeding *pro se*, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below, his petition should be denied as barred by limitations.

**Background**

Through a federal habeas petition that Simon declares was placed in the prison mailing system on August 8, 2014, *see* Dkt. No. 3 at 10, Simon challenges his July 17, 2009 Dallas County, Texas conviction for murder, asserting that his guilty plea was involuntary and that his trial counsel was constitutionally ineffective, *see* Dkt. No. 3. Although Simon did not file a direct appeal, *see id.* at 3, he did file two identical state habeas applications on February 19, 2011, *compare* Dkt. Nos. 9-1, 9-2, 9-3, 9-4, & 9-5, *with* Dkt. Nos. 9-6 & 9-7, and the Texas Court of Criminal Appeals denied both applications without written orders on September 21, 2011, *see Ex parte Simon*, WR-

75,947-02 (Tex. Crim. App. Sept. 21, 2011), and October 19, 2011, *see Ex parte Simon*, WR-75,947-03 (Tex. Crim. App. Oct. 9, 2011), respectively.

As to Simon's Section 2254 application, Respondent has filed a preliminary response indicating that federal relief is barred by the applicable statute of limitations and that Simon has failed to demonstrate that the limitations period should be equitably tolled. *See* Dkt. No. 10. Simon has failed to file a reply, and the deadline for doing so has passed. *See* Dkt. No. 7.

The undersigned concludes that Simon's federal habeas application is barred by limitations and that Simon has failed to establish that the limitations period should be tolled.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (in which the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of equitable tolling because movant "was not misled about his cause of action or prevented in an extraordinary way from asserting his rights" but, instead, failed to mail his Section 2255 motion to the correct court within the limitation period, an error the court of appeals characterized as "a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling" (quoting *Irwin*, 498 U.S. at 96)).

The Supreme Court has determined, further, that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Because Simon did not directly appeal his July 17, 2009 conviction, it became final for limitations purposes 30 days thereafter – on Monday, August 17, 2009. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). And because Simon did not file his state habeas applications until February 2011 – more than one year after his state conviction became final for limitations purposes – the state applications did not toll AEDPA's limitations period. *See, e.g., Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir.

-4-

2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))). Thus, the current Section 2254 application is due to be denied as untimely absent tolling of the limitations period.

Simon does not claim that he is actually (factually) innocent. But he does assert that "the statutory limitations period should be equitable tolled [sic] due to [his] (MHMR) mental healt [sic] and mental retardation," Dkt. No. 3 at 9, and, in support, he points to records he attaches to his federal petition, *see id.* at 15-24. These records, from 1998, when Simon was 13-14 years old, relate to a state court's order that Simon be evaluated to determine whether he "is a person with Mental Retardation" and, if so, whether he "is not fit to proceed as a result of Mental Retardation." Dkt. No. 3 at 15.

The records document a determination that, during that time period – more than a decade before the state conviction Simon is now challenging – Simon was not fit to proceed to trial "as a result of mental retardation." Dkt. No. 3 at 16. Simon, however, has neither made "a threshold showing of incompetence," nor – "more importantly" – has he shown that there is a "causal connection between [his MHMR] and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (citing *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability

constituted an 'extraordinary circumstance' severely impairing her ability to comply

with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell*, 587

F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected

the petitioner's ability to file a timely habeas petition."); *McSwain v. Davis*, 287 F.

App'x 450, 456 (6th Cir. 2008) (same); *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir.

2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to

meet the AEDPA filing deadline, his delay was caused by an 'extraordinary

circumstance beyond [his] control,' and the deadline should be equitably tolled.")); *see*

*also Mathis v. Stephens*, No. 3:13-cv-180-P, 2014 WL 534940, at *2 (N.D. Tex. Feb. 11,

2014) ("Petitioner argues he is entitled to equitable tolling because his MHMR (mental

health/mental retardation) prevented his timely filing. Petitioner, however, has not

explained how his MHMR prevented his timely filing. The record shows his pleadings

are coherent and that he filed a motion for special review, a state habeas petition and

this federal petition."); *Floyd v. Cain*, Civ. A. No. 11-2819, 2012 WL 6162288, at *5

(E.D. La. Sept. 28, 2012), *rec. adopted*, 2012 WL 6162164 (E.D. La. Dec. 11, 2012)

("*even* if an 'intellectual disability' can in some circumstances serve as a basis for

equitable tolling, it would do so only if it in fact *prevented* the prisoner from seeking

relief in a timely manner" (emphasis in original; collected cases omitted)); *Cutts v.*

*Jones*, No. 1:06cv256-MHT, 2009 WL 230091, at *7 (M.D. Ala. Jan. 30, 2009) ("Cutts'

reference to his mental impairment as an implicit basis for equitable tolling entitles

Cutts to no relief as he has failed to establish a causal connection between the alleged

mental impairment and his ability to file a timely federal habeas petition." (collected

cases omitted)).

The lack of a causal connection between the 1998 intellectual deficiency determination and the timely pursuit of federal habeas relief more than a decade later – particularly given that there was not a significant delay between the state conviction and Simon's pursuit of state habeas relief – together with the fact that Simon pursued state and federal habeas relief *pro se*, regardless of his alleged mental impairments, like the petitioner in *Jones, see* 541 F. App'x at 505 ("the record makes clear that regardless of any mental illness, Jones has pursued, without assistance of counsel, both state and federal habeas relief"), prevents Simon from meeting "his burden of proving that rare and exceptional circumstances exist warranting equitable tolling," *Robinson v. Director, TDCJ-CID*, No. 6:14cv232, 2015 WL 2394096, at *4 (E.D. Tex. May 18, 2015) (citing *Jones*); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (a petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

## Recommendation

The Court should deny the Section 2254 application as barred by the applicable statute of limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: December 15, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-8-